IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TONYA LASH, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. |
| BROADSTEP BEHAVIORAL HEALTH, INC., | ) ) ) |
|     Defendant. | ) **Jury Demanded** |

## COMPLAINT

The Plaintiff, Tonya Lash, brings this lawsuit against her former employer, Broadstep Behavioral Health, Inc. ("Broadstep"). In support of her complaint, she states:

### I. Jurisdiction and Venue

1. In this complaint, Lash maintains three separate claims against Broadstep. The first two allegations claim that her rights under Title VII of the Civil Rights Act of 1964 were violated in two separate respects. Her third claim alleges a violation of the FMLA. Since all of her claims raise federal questions, this Court has jurisdiction under 28 U.S.C. § 1331.

2. Broadstep engages in business in Springfield, Illinois, and Lash worked at its Broadstep Academy in Springfield, making venue proper in this Court.

3. On approximately July 12, 2024, Lash filed a charge of discrimination with the Illinois Department of Human Rights (the "IDHR"). It was

automatically cross-filed with the United States Equal Employment Opportunity Commission (the "EEOC").

4. On April 15, 2025, the EEOC issued Lash a right-to-sue notice that allows her to file a lawsuit within 90 days.

## II. Parties

5. Lash is a Caucasian female who Broadstep previously employed.

6. Lash was initially hired by Broadstep as an Admissions Coordinator in January 2021 and was promoted to Program Manager in early 2022.

7. Broadstep is based in South Carolina and operates, amongst other facilities, the Broadstep Academy in Springfield, Illinois. According to its website, Broadstep serves "children, adults, and families with a range of whole-person-health programs designed to support those with intellectual and development disabilities (I/DD), mental illness, and co-occurring disorders."

## III. Allegations

9. During her tenure at Broadstep, Lash only received one formal evaluation, and it reflected that she was performing at or above all standards. Throughout her tenure, she never received any indication she was not performing well and was never disciplined in any fashion.

10. Despite her supervisory role, Lash was not allowed to discipline or criticize the work performance of black employees. Further, black employees made racially inflammatory statements about her and could not be disciplined. For example, on one occasion, she was called a "nasty white bitch" and told they were going to "mess her car up."

11. On another occasion, a subordinate stated, "I will only deal with these ignorant white bitches one more time before I snap."

12. Lash believed she was in a racially hostile work environment.

13. On multiple occasions, Lash complained about a racially discriminatory work environment to her supervisors, including Earl Curry (Illinois State Director), Rochelle Grace (Chief People Officer), and Kenitra Smith (Human Resources Manager).

14. Despite repeated complaints about a racially hostile work environment, nothing was done by her supervisors. Instead, her supervisors told her that she needed to "get on board with Black culture."

15. Lash was not alone in complaining about a racially hostile work environment for Caucasian employees. Two colleagues, Juliane Wilson and Margaret Hackl, also made the same types of complaints.

16. On December 6, 2023, Lash wrote a formal letter to Broadstep management complaining that she was subjected to a hostile work environment because of her race.

17. The December 6, 2023, specifically requested a formal investigation. No investigation was done.

18. Lash's workplace became even more stressful. This resulted in her having medical problems associated with stress. In April 2024, her medical provider advised her to take a medical leave of absence due to her poor state of health.

19. Lash's medical issues continued to worsen until she was no longer able to work physically. On April 19, 2024, Lash separately phoned both her immediate supervisor and Broadstep's Benefits Manager to advise that she was immediately requesting an FMLA leave because of her medical issues. She advised she had a formal appointment with her medical provider on April 22, 2024, and would have the formal paperwork completed.

20. On April 24, 2024, Lash received a written form FMLA notice indicating that she was eligible for FMLA leave.

21. On April 24, 2024, the same day she was notified of her FMLA eligibility, Broadstep terminated Lash's employment.

22. As a result of the foregoing, Lash has sustained damages, including lost wages and emotional distress.

## Count I
*Retaliation under Title VII*

23. Paragraphs 1-22 are incorporated herein.

24. Count I is brought under the anti-retaliation provisions of Title VII. 42 U.S.C. § 2000e-3(a).

25. Lash repeatedly engaged in protected activity.

26. Owing to her protected activity, the harassment in the workplace worsened. This harassment constitutes retaliation.

27. Ultimately, Lash was terminated. But for her protected activities, she would not have been terminated.

Wherefore, Lash respectfully requests that this Court enter judgment in her favor and against Broadstep and provide the following relief:

4

A. An order finding she was retaliated against in violation of Title VII.

B. An award of her economic damages, including back pay and benefits.

C. An award of compensatory damages to compensate for emotional distress, humiliation, and embarrassment.

D. An equitable award of front pay.

E. An award of punitive damages.

F. An award of fees and costs.

G. Any other award that is reasonable and just.

## Count II
*Race Discrimination under Title VII*

28. Paragraphs 1-22 are incorporated herein.

29. Count II is brought under the substantive provisions of Title VII. 42 U.S.C. § 2000e-2(a)(1).

30. Lash was discriminated against because of her race. She was subjected to a hostile working environment because of her race, and she was terminated because of her race. But for her race, neither would have occurred.

Wherefore, Lash respectfully requests that this Court enter judgment in her favor and against Broadstep and provide the following relief:

A. An order finding she was discriminated against in violation of Title VII.

B. An award of her economic damages, including back pay and benefits.

C. An award of compensatory damages to compensate for emotional distress, humiliation, and embarrassment.

D. An equitable award of front pay.

E. An award of punitive damages.

F. An award of fees and costs.

G. Any other award that is reasonable and just.

## Count III
*FMLA*

31. Paragraphs 1-22 are incorporated herein.

32. Count III is brought under the Family Medical Leave Act. It alleges both that she was denied FMLA leave as required by the statute and also alleges that she was retaliated against for her attempts to utilize FMLA leave. 29 U.S.C. § 2612(a), 29 U.S.C. § 2615(a).

33. On April 19, 2024, Lash was an eligible employee under the FMLA. In this sense, she had worked more than 1,250 hours and had been employed for more than one year.

34. Broadstep specifically told Lash she was an eligible employee.

34. On April 19, 2024, Lash Broadstep, because of the number of employees it employs, was a covered employer under the FMLA.

35. Given the circumstances of her illness, Lash provided Broadstep with sufficient notice of her intent to take a medical leave of absence.

36. Rather than allowing Lash's leave of absence, Broadstep terminated her employment. In so doing, it violated her rights under the FMLA.

Wherefore, Lash respectfully requests that this Court enter judgment in her favor and against Broadstep and provide the following relief:

A. An order finding her rights under the FMLA were violated.

B. An award of her economic damages, including back pay and benefits.

C. An award of liquidated damages.

D. An equitable award of front pay.

E. An award of fees and costs.

F. Any other award that is reasonable and just.

**Lash requests a Jury Trial**

TONYA LASH
*July 11, 2025*

By:  /s/ John A. Baker
　　　His Attorney


John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:　　(217) 522-3445
Facsimile:　　 (217) 522-8234
Email:　　　　jab@bbklegal.com